30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie WALTON, Petitioner-Appellant,
v.
Richard S. LINDLER, Warden; T. Travis Medlock, Attorney
General of South Carolina, Respondents-Appellees.
 No. 92-7147.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1994.
Decided July 27, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CA-91-1212-17-J)
 Charles Zdebski, Student Counsel, The George Washington University, Washington, D.C., for appellant.
 Donald John Zelenka, Chief Deputy Atty. Gen., Office of the Attorney General, Columbia, S.C., for appellees.
 On Brief: Jennifer P. Lyman, The National Law Center, Washington, D.C., for appellant.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is an appeal from a grant of summary judgment resulting in the dismissal of appellant's action seeking habeas corpus relief.
 
 
 2
 Appellant, Willie Major Walton, pled guilty to two counts of cocaine distribution in the Court of General Sessions of Anderson County, South Carolina. He was sentenced to 24 years on each count, to run concurrently. Mr. Walton did not appeal, but sought postconviction relief on the grounds of ineffective assistance of counsel and double jeopardy. After hearing testimony, the reviewing state court tribunal denied post-conviction relief. Mr. Walton then petitioned for a writ of certiorari to the Supreme Court of South Carolina, which was denied. Mr. Walton is presently incarcerated as a result of the conviction at issue.
 
 
 3
 Mr. Walton sought habeas corpus relief in the United States District Court for the District of South Carolina on the same grounds as asserted in the state post-conviction proceedings. The magistrate judge recommended summary judgment for respondents. Hearing no objection to the magistrate's report, the district court granted summary judgment. Mr. Walton appealed to this court. In Walton v. Lindler, No. 91-7724 (4th Cir. Aug. 17, 1992) (per curiam), we vacated and remanded the matter to the district court to determine whether Mr. Walton had been provided the magistrate's report in sufficient time to object. The parties agreed for the purposes of the action that the report was not delivered timely and Mr. Walton's objections were accepted by the district court. Upon de novo review the district court granted summary judgment for respondents.
 
 
 4
 On appeal, Mr. Walton claims that the sales of two bags of cocaine to a team of undercover operatives constituted one continuous offense, so that prosecution under two separate counts violated the Double Jeopardy Clause of the Constitution. Mr. Walton further contends that counsel was ineffective in failing to advise Mr. Walton of either his right to appeal or the possible double jeopardy violation. We will also address the other grounds before the district court, as it appears that Mr. Walton intended to appeal all issues before that court.
 
 
 5
 The double jeopardy claim arises from the fact that the sales of cocaine were made to the same undercover team only minutes apart. On February 25, 1988, Mr. Walton sold 1.3 grams of cocaine for $25.00 at a mobile home on Lewis Street in Anderson, South Carolina to two undercover agents. He then stated "that they would use all that up and burn gas up to come back so they ought to buy another one." J.A. at 17. A similar transaction was then completed.
 
 
 6
 The constitutional prohibition against double jeopardy protects a criminal defendant from multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). In this case, separate arrest warrants were issued and separate indictments were handed down on each sale.
 
 
 7
 In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court considered whether a defendant's illegal drug sales made one day apart to the same purchaser constituted a single offense. Id. at 301. The court did not find temporal proximity controlling, rather it found that separate crimes had occurred because the second "sale was not the result of the original impulse, but of a fresh one--that is to say, of a new bargain." Id. at 303. Here there is no claim of a prior agreement dictating that both sales would occur. The second sale was not dependent on the first, or on any overall agreement. Every judicial officer who has reviewed this matter de novo, including the federal district judge whose decision is appealed here, has found two separate transactions to have occurred. We agree and find that the district court was correct in finding that two separate violations occurred. It should be noted that pursuant to South Carolina sentencing law, because of the temporal proximity, the sentences were made concurrent. See S.C.Code Ann. Sec. 17-25-50 (Law Co-op.1976).
 
 
 8
 Mr. Walton's claim of ineffective assistance of counsel, perforce, must fall, insofar as it relates to failure to raise the double jeopardy claim. Mr. Walton has not satisfied either part of the test established in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984), which requires that 1) counsel's representation must fall below an objective standard of reasonableness and 2) there must be a reasonable probability that but for the ineffective assistance, the outcome would have been different.
 
 
 9
 As there was no valid ground for a successful appeal on the basis of double jeopardy, even if counsel had a duty to advise Mr. Walton of his right to appeal, doing so would not have altered the outcome. We note that the judge who accepted the plea did advise Walton of his right to appeal from the plea proceedings during a detailed colloquy, J.A. at 8, although this would not have necessarily alerted Mr. Walton to any double jeopardy problem.
 
 
 10
 Mr. Walton also claims that his guilty plea was invalid because 1) he pled guilty as a result of his attorney's promise of a ten-year sentence, 2) his attorney did not adequately investigate the case, and 3) his guilty plea was not knowing and voluntary under the criteria of Boykin v. Alabama, 395 U.S. 238 (1969). As indicated, a postconviction proceeding was conducted in state court. Both Walton and his attorney testified about the plea hearing. There is a complete record before us of the post-conviction proceeding. See J.A. at 41-63. Factual determinations on the merits in such a proceeding are presumed correct unless the petitioner establishes that a fair and adequate hearing did not take place. 28 U.S.C. Sec. 2254(d) (1988); see also Sumner v. Mata, 449 U.S. 539, 550 (1981); Bassette v. Thompson, 915 F.2d 932, 940 (4th Cir.1990), cert. denied, 499 U.S. 982 (1991). The record before us supports the state court's conclusion that the guilty plea was knowing and voluntary and Mr. Walton has not demonstrated any inadequacy in the hearing procedures.
 
 
 11
 Accordingly, the district court's grant of summary judgment dismissing appellant's petition for habeas corpus relief is affirmed.
 
 AFFIRMED